```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
              CENTRAL DIVISION at LEXINGTON


                                 )
THE NATURE CONSERVANCY, INC.     )
                                 )
                                 )
     Plaintiff,                  ) Action No. 5:07-CV-112-JMH
                                 )
v.                               )
                                 )
                                 ) MEMORANDUM OPINION AND ORDER
LARRY A. SIMS and                )
MARSHA K. SIMS.                  )
                                 )
     Defendants.                 )
                                 )
                                 )
```

                        **    **    **    **    **

This matter is before the Court on the Supplemental Motion for Attorney Fees [DE 66] filed by Plaintiff The Nature Conservancy ("TNC"). Defendants Larry A. Sims and Marsha K. Sims (the "Sims") timely objected [DE 76] and TNC filed a reply [DE 77]. The Sims then filed a sur-reply[1] [DE 78]. This matter is now ripe for review.

On May 21, 2012, the United States Court of Appeals for the Sixth Circuit affirmed this Court's award of summary judgment to the Plaintiff. [DE 63]. Based on Section 5.1 of the Conservation Easement, which provides

---

[1] Leave of this Court is required before filing a sur-reply. Thus, the Court construes the filing of Defendants' sur-reply as a motion for leave to file a sur-reply, which is granted.

1

that "[a]ll reasonable costs incurred by the Conservancy in enforcing the terms of this Easement against Grantor, including, without limitation, costs and expenses of suit and reasonable attorneys' fees, and any costs of restoration necessitated by Grantor's violation of the terms of this Easement shall be borne by Grantor." [Easement at 6-7]. This Court previously awarded attorney's fees for the time expended prior to the Sixth Circuit appeal pursuant to this provision. [DE 57]. TNC now seeks the award of attorneys' fees totaling $32,711.50 and costs of $1,256.54 incurred during the course of the appeal.

The Sims object to the award of attorneys' fees as a philosophical matter, relying on the dissenting opinion by the Honorable Gilbert S. Merritt, and also made specific objections to any time spent toward negotiating a settlement of the claims and to time spent on scheduling annual inspections of the property.

The Sims' objection that further attorneys' fees should not be awarded as a matter of principle fails. The award of attorneys' fees in this case is governed by contract, pursuant to Section 5.1 of the easement, and that award was upheld by the Sixth Circuit Court of Appeals. The supplemental attorneys' fees now before the Court,

2

which cover a range of activities following the judgment entered by this Court while this matter was on appeal to the Sixth Circuit Court of Appeals, continue to be "reasonable costs incurred by [TNC] in enforcing the terms" of the easement between the parties.

With respect to the Sims' argument that attorneys' fees for time spent on negotiating a settlement are not reasonable, this Court finds that time spent negotiating settlement of a dispute and drafting settlement documents is a necessary expense of litigation. *Couch v. Cont'l Cas. Co.*, 2008 WL 131198, *5 (E.D.Ky. Jan. 11, 2008) (awarding attorneys' fees for time spent in settlement negotiations, in an ERISA action, because "settlement discussions are an ordinary part of the litigation process"); *Estiverne v. Esernio-Jenssen*, __ F.Supp.2d __, 2012 WL 6106330, *3 (E.D.N.Y. May 23, 2012)(awarding attorneys' fees incurred in unsuccessful settlement negotiations pursuant to 42 U.S.C. § 1988); *Citizens for Cmty. Values, Inc., v. Upper Arlington Public Library Bd. of Trs.*, 2010 WL 1253892 at *5 (S.D. Ohio March 24, 2010); *Mack Trucks, Inc. v. Int'l Union, et al.,* 2011 WL 4402136 at *6 (E.D.Pa September 22, 2011). Moreover, disallowing attorney's fees for settlement negotiations would chill attorneys' pre-trial settlement efforts. *Estiverne*, 2012 WL 6106330 at *3;

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Hartel,* 782 F.Supp. 22, 25 (S.D.N.Y. 1992). Thus, this Court finds that the time spent for on settlement negotiations is not *per se* exempt from an attorneys' fee award.

Nonetheless, the Court has examined the attorneys' time record in this case and finds that the number of hours spent drafting and revising the proposed settlement agreement by G. Thomas Barker appears excessive. The Court acknowledges that this was not a typical settlement document because it involved drafting a second easement for the property. Mr. Barker spent forty-seven hours communicating with opposing counsel, his client or within the office about settlement strategy. Additionally, approximately twenty hours were represented by time entries describing communications with the client and revising the settlement agreement and easement. These time entries do not permit an allocation of which hours were attributable to drafting versus communications. Finally, Mr. Barker spent approximately twenty-six hours merely drafting and revising the agreement and easement, apparently without the assistance of a paralegal. In total, approximately ninety eight hours[2] were expended on the settlement process. This Court will not second-guess the time spent communicating

---

[2] This total excludes time spent in mediation.

4

with TNC and opposing counsel to negotiate the settlement in this instance. Considering the descriptions submitted by the parties, it appears that negotiations were lengthy and the parties believed they had resolved numerous issues at one point.

However, the amount of time spent drafting and revising the settlement and easement documents appear exorbitant, even considering the fact that the settlement was more involved than a typical settlement due to the discussion of a second easement. The court finds that ten hours would be a reasonable time for drafting and revising the settlement documents only, particularly when considering that an additional twenty or so hours were expended which cannot be attributed to either drafting or communications. Thus, this Court reduces the attorney fees for Mr. Barker's time on this task by a total of 15.9 hours, for a reduction in fees of $2,544. The remaining time allotted to the settlement process will not be disturbed as that time appears reasonable considering the extensive negotiations involved.

Approximately sixty-four hours were expended by attorneys drafting the Sixth Circuit appellee brief. While the Sims do not directly challenge the amount of time drafting and revising the brief, this Court has reviewed

5

all of the time entries in considering this motion and finds this amount of time to be unreasonable.

The appeal turned on the same legal issues presented to this Court previously, specifically the motion for preliminary injunction and motion for summary judgment. However, an additional issue was raised on appeal—the issue of attorneys' fees—that was not raised to the district court. However, sixty-three hours of drafting and revisions on the brief appears unreasonable to this Court. There were no disputed issues of material fact and this case turned on a simple issue of contract interpretation, which had already been addressed previously. Thus, even with the additional issue of attorneys' fees, this Court considers that fifty hours would be a reasonable time to spend drafting and revising the Sixth Circuit appellee brief. Accordingly, the Court will reduce the time billed for drafting and revising TNC's Sixth Circuit appellee brief by thirteen hours billed by Mr. Barker, at the rate of $160.00 per hour, for a disallowed fee of $2,080.

The Sims also challenge the inclusion of approximately four hours of time spent coordinating the annual inspection of the subject property. The annual inspection of the property itself is provided by the contract between the parties. Due to the continuing litigation, coordination

6

through an attorney was reasonable and necessary expense. Based on the time entries reviewed by this Court, several issues appear to have arisen during the course of scheduling and rescheduling the inspection and, therefore, this Court does not consider this time to be unreasonable.

Finally, during the Court's review of the time entries submitted in support of the motion, the Court recognized two sets of entries that appear to be duplicates. These entries are on the same day, for the same amount of time, by the same attorney and both entries describe the exact same task. Accordingly, the Court will reduce the time billed by one two-hour entry on September 4, 2009 for Ernst Jones, whose billing rate is $200 per hour, and one four-hour entry on July 7, 2010 for Mr. Barker, whose billing rate is $160 per hour, for a reduction of $1,040.

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that:

(1) The Nature Conservancy's Motion for Supplemental Attorneys' Fees and Litigation Expenses [DE 66] shall be, and the same hereby is, **GRANTED**. The Nature Conservancy is awarded $27,047.50 in attorneys' fees and $1,256.54 in expenses;

(2) The Sims' Sur-Reply [DE 78] shall be deemed **FILED.**

7

This the 28th day of March, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

8